### HEILE, In Re
### STEVENS, In Re

Ohio Appeals, 1st Dist, Hamilton Co.

Nos. 5561 & 5562. Decided Feb. 20, 1939

Stewart & Beirne, Cincinnati, for appellants.

August A. Rendigs Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The appellees in these cases were found guilty of contempt by a notary public in refusing to answer certain questions asked them at the taking of their deposition. They were committed to the custody of the sheriff until they should purge themselves of the contempt. Whereupon, petitions for writs of habeas corpus were filed.

At the hearing before the court, it was considered that they were not in contempt and were unlawfully restrained of their liberty, and the sheriff was directed to release them from custody. The sheriff appealed from that order.

Appellees' counsel informs the court dehors the record that one of the three defendants in the action in which the deposition was being taken had not been served with summons and contends that §11526 GC, providing that either party may "commence taking depositions at any time after service upon the defendant" invalidates the whole process of the taking of this deposition. This court, of course, cannot predicate its decision in a case upon something not shown by the record. Furthermore, were this fact recited in the record, it would not necessarily produce the legal consequence attributed to it. Notwithstanding service of summons had not been made upon one defendant, §11526 GC, places no obstacle in the way of taking depositions that would be admissible in evidence against the two who had been served with summons at the time of the taking of the deposition. It might be that the third defendant might never be summoned and the action dismissed as to him. He is not a necessary party to this action against the other two tort feasors. The action against them could proceed without him.

The authority of the notary and the fact that he was engaged in the taking of a deposition in a pending case in the lawful exercise of his official power are not in issue in this case.

The appellees, therefore, were obliged to answer all questions that would elicit competent and relevant evidence, unless protected from answering by some rule of privilege. From the copy of the petition introduced in evidence, we learn that the plaintiff alleged that the defendants were negligent in the operation of an automobile upon a public highway in Clark County, Ohio, and that as a result the automobile struck the plaintiff who was walking along the berm of the highway.

It was stipulated that the appellees were acting as investigators for Employers Group, an insurance company, and were making the investigation on behalf of the assured. We assume from this that the witnesses were agents for one or more of the defendants in making the investigation.

The questions sought to elicit from them statements made by defendant Cole to them at some time after the accident relating to the circumstances of the accident—whether he was operating the automobile, how he was operating it, when he first learned an accident had happened, what he was doing at and immediately prior thereto, the kind of automobile, and for whom he was working. The only questions not relating to conversations with the defendant Cole were as to whether they went to the place of the accident and what they discovered.

It is clear that admissions to any one made by Cole narrating the circumstances of the accident would be inadmissible against Cole's co-defendants.

It is also clear that these statements were made by Cole to these investigators to be communicated to an attor-

ney representing Cole in defending the action, and, therefore, would be privileged as to Cole and inadmissible against him.

It is equally clear that things discovered by these witnesses at the place of accident at a later, but unknown date, would be immaterial and irrelevant as to all defendants.

In 14 O. Jur. 36, it is said:

"The supreme court has expressly declined to sustain the contention that a witness who is testifying in a deposition may be compelled to produce any document, or disclose information as to facts, which, by any possibility may become pertinent on the trial of the case, and has held, on the contrary, that the right to compel the production of a document, or to elicit other evidence, is to be determined on the basis of its relevancy and competency under the issues as they stand at the time of the taking of the deposition. In other words, a party has no greater privilege under the law in the taking of a deposition, with respect to the scope of the examination of the witness and the production of books and papers, than he would have on the trial of the case, under the same state of the pleadings and issues."

That a witness may refuse to answer any question that seeks to elicit incompetent or irrelevant matter, as well as matter that is privileged, is well established. 14 O. Jur. 39.

On the subject of privilege, it should be observed that we are not considering here the question of the admissibility of a report made by an investigator, which has been placed in the hands of an attorney by his client, as was the case in In Re Klemann, 132 Oh St 187, 108 A. L. R. 505. What was sought to be developed was the memory of the witnesses as to what Cole had said to them. He was a defendant, but, as stated by counsel, had not been served with summons, however, it is obvious that to make Cole's statements admissible at all, it would be necessary that he should be a party against whom a verdict and judgment could be rendered. His admissions would then be competent evidence against him, unless they were excluded on the ground of privilege. It is inferable from the facts in the record and it is assumed by counsel that Cole made these statements to these witnesses because he was a defendant in the action, and in order to enable his attorney to prepare his defense. The witnesses represented the parties, (client and attorney) for this purpose. In 28 R. C. L. 571, it is stated:

"Communications between an attorney and the agent of his client are also entitled to the same protection from disclosure as those passing directly between the attorney and his client. The agent as well as the attorney is prohibited from testifying with respect thereto except by consent of the client, and this is true even though the communications are made merely with a view to establishing the relation of attorney and client, and securing professional aid for the principal."

And where the privilege exists, it includes the protection of the name and address of the client. Neugass v Terminal Cab Corp., 249 N. Y. Supp. 631.

For these reasons, we find the witnesses were justified in refusing to answer, both on the ground that the questions called for disclosures of confidential communications and for irrelevant and immaterial evidence in all respects except the one noted, and as to that, on the ground that it called for irrelevant and immaterial evidence, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.