WALDMANN; SHANKS, APPELLANT, *v.* WALDMANN, APPELLEE.

(No. 76-301—Decided December 15, 1976.)

Mr. *Richard S. Sutton* and Mr. *James N. Overholser*, for appellant.

Mr. *Selwyn C. Jackson*, for appellee.

*Per Curiam.* It is the public policy of this state that an attorney shall not testify concerning a communication made to him by his client in that relation. That policy has been codified. R. C. 2317.02(A). Even when a case falls beyond the strict letter of R. C. 2317.02(A), the principles of that section apply if the case is plainly within the reason and spirit of it. R. C. 2317.03(H).

The confidentiality of a client's address in a domestic relations matter, especially a divorce action, can be a vital feature of the action; it is not uncommon for a spouse who fears for her or his safety to need assurance that their whereabouts will not be disclosed. If a client feels that confidentially divulged matters will not be protected, facts may be withheld which are necessary to competent representation.[1] When the attorney-client privilege exists, the privilege has been held to encompass the protec-

------

[1] It is for such reasons that the law makes attorney-client communications privileged against all but the imperatives of public safety or national security. Wise, Legal Ethics (2d Ed.) 277 (1970).

tion of the address of the client.[a] *In re Heile* (1939), 65 Ohio App. 45, 49, 29 N. E. 2d 175.

Civ. R. 75(A) applies the Rules of Civil Procedure to actions for divorce and related proceedings, which include custody questions. The requirement of Civ. R. 10(A) that every complaint include the addresses of all of the parties is sound; otherwise, the court would be impotent to determine its own jurisdiction. However, the filing of a complaint does not constitute, as to the client's subsequent address, a waiver of the attorney-client privilege. Under R. C. 2317.02(A), an attorney may testify with the express consent of the client and, if the client voluntarily testifies, the attorney may be compelled to testify upon the same subject. No other mode of waiver is delineated.

R. C. 2317.02(B) deals with the physician-patient relationship. In that regard, this court already has answered whether a plaintiff in a personal injury action waives the physician-patient privilege by the commencement of his action. *State, ex rel. Lambdin,* v. *Brenton* (1970), 21 Ohio St. 2d 21, 254 N. E. 2d 681, holds that in the absence of a waiver, as specified in the statute, physician-patient matters are privileged. Moreover, a personal injury litigant in Ohio does not waive the physician-patient privilege merely by filing his complaint. *Id.,* at pages 23-24. Likewise, the filing of a domestic relations complaint, as to the client's subsequent address, does not constitute a waiver of the attorney-client privilege.

It is well-settled that the burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it. *In re Martin* (1943), 141 Ohio St. 87, 103, 47 N. E. 2d 388. Furthermore, privileged communications must relate to the business and interest of the client. *Id.,* at page 104, quoting 28 Ruling Case Law 559, Section 149.

We find nothing in the record to indicate that appellant

---

[a]"Where the privilege between the attorney and client exists, it includes the protection of the name and address of the client." 56 Ohio Jurisprudence 2d 695, Witnesses, Section 270.

represents appellee's son, Douglas G. Waldmann.[3] Therefore, his address cannot be found to have been a communication relating to the business and interest of Douglas G. Waldmann, made by him to appellant as a client. Although his whereabouts might arguably have been privileged as relating to the business and interest of Edna M. Waldmann, the record contains no showing that any communication on the subject was ever made by her to appellant. The record is devoid of any evidence concerning how appellant secured the desired information.

For the reasons indicated, the finding of appellant to be in contempt for his refusal to divulge the address of Edna M. Waldmann was error, and the judgment affirming that finding is reversed. The finding of appellant to be in contempt for his failure to divulge the address of Douglas G. Waldmann was, under the instant record, within the power of the trial court, and the judgment affirming that finding is affirmed, with instructions that the cause be remanded to the trial court for appellant to be afforded an opportunity to purge himself of his contempt.

*Judgment affirmed in part and reversed in part, and cause remanded.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[3] The statutory term "client" includes an incompetent whose guardian consults the attorney on his behalf. R. C. 2317.021. The proceeding at which appellant was held in contempt was a hearing concerning custody of Douglas Waldmann. Insofar as appellant then represented any client, he was not representing Edna M. Waldmann on behalf of Douglas Waldmann.