MILLER et al., Appellants,

v.

BEGLEY et al., Appellees.

[Cite as *Miller v. Begley* (1994), 93 Ohio App.3d 527.]

Court of Appeals of Ohio,
Butler County.

No. CA93–11–215.

Decided June 13, 1994.

*Scheper & McGowan* and *James H. Scheper*, for appellants.

*Corbett B. Begley, pro se.*

*Ted K. Butler, pro se.*

*James E. Cooney, pro se.*

Kerns, Judge.

On or about September 6, 1992, plaintiff-appellant, Heidi Miller, was a passenger on a 1977 Kawasaki motorcycle which was owned by defendant-appellee, Ted Butler, and being operated by defendant-appellee, Corbett B. Begley. Subsequently, the motorcycle was involved in a collision, and appellant received serious injuries as a result of the accident.

On January 8, 1993, a complaint was filed in the Butler County Court of Common Pleas alleging causes of action against both Butler and Begley but, during the course of the following proceedings, it came to the attention of counsel for the appellant that another vehicle might have been involved in the accident that caused appellant's injuries. In fact, it came to light that attorney James E. Cooney might have had some knowledge of the collision and, in pursuit of the cause of action, Cooney's deposition was taken.

During the course of the deposition, facts were developed which disclosed that Cooney, during the Labor Day weekend of 1992, received a telephone call at home from a person who indicated that he had a friend who thought that he had been involved in an automobile accident, but that the friend was not clear about the details of the accident. At that point, Cooney advised the caller that he would need to speak to the person actually involved in the collision and, sometime later, Cooney did receive a phone call from that individual.

During their conversation, the individual stated that he believed he had been involved in an accident along Route 4, either in Hamilton or in Fairfield, but that he could not remember or recall what he hit or where the accident took place. After discussing the matter with the caller, Cooney conducted an investigation with the Hamilton and Fairfield Police Departments, but was unable to locate any reports of a hit-skip accident which occurred within the applicable time frame.

Later, Cooney was contacted by Begley relative to criminal traffic charges which had been filed as a result of the accident. During the course of their conversation, Cooney reached the conclusion that his hit-skip client was also involved in the Begley accident.

During his deposition hearing, Cooney refused to reveal the identity of the party who had consulted with him regarding involvement in the possible hit-skip collision on the ground that he was subject to the attorney-client privilege. Thereafter, appellant filed a motion for an order to compel the witness, Cooney, to answer the question posed to him on deposition as to the identity of his client, but the motion was overruled by the common pleas court.

In the present appeal from the order overruling the motion, appellant has presented her only assignment of error as follows:

"The trial court erred in refusing to compel the witness, Attorney James E. Cooney, to disclose the name of the individual potentially involved in the automobile accident which resulted in the injuries to plaintiff."

In this case, the record amply discloses, and the trial court so found, that the unidentified person consulted Cooney in his professional capacity as a lawyer, thus bringing him within the scope of R.C. 2317.02. Where the privilege between the attorney and client exists, such privilege sometimes includes the protection of the name and address of the client. See *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 2 O.O.3d 373, 358 N.E.2d 521. See, also, *In re Heile* (1939), 65 Ohio App. 45, 29 N.E.2d 175; *In re Grand Jury Subpoena* (C.P.1988), 42 Ohio Misc.2d 12, 536 N.E.2d 1206.

In refusing to compel Cooney to divulge the name of his client, the trial court commented specifically as follows:

"Mr. Cooney's client contacted him in order to obtain information on an incident in which he thought he left the scene of an accident. The reason a client would go to an attorney instead of the law enforcement authority for this information would be to protect his identity. If the attorney reveals the identity of his client, he would expose the client to both civil and criminal liability, regardless of any defense he might proffer at a trial. Thus, the client's identity becomes integrally involved in the matter about which he seeks the attorney's advice and the identity is covered by the privilege."

Under the facts of this case, which are largely undisputed, this court is likewise of the opinion that the confidential revelation of the client's identity to Cooney was a privileged communication and, accordingly, the order of the common pleas court will be affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and KEEFE, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.

JOHN W. KEEFE, J., retired, of the First Appellate District, sitting by assignment.