OPINION
Plaintiffs-appellants, Keith and Karen Dull, appeal a Preble County Court of Common Pleas, Juvenile Division, decision denying their motion to dismiss for lack of jurisdiction and their motion to remove the guardian ad litem. We affirm.
Ashley Dull ("Ashley") was born on July 7, 1987 and is the granddaughter of appellants.[1] On May 24, 1994, Rachelle Kingsley ("Kingsley"), Ashley's natural mother, voluntarily agreed to relinquish custody to appellants.[2] On May 25, 1994, appellants filed a complaint requesting custody of Ashley. On June 1, 1994, the juvenile court found it in Ashley's best interest to grant appellants' request to be the residential and custodial parents of Ashley. Further, the juvenile court granted Kingsley reasonable visitation with Ashley.
On April 24, 1996, Kingsley sent a handwritten letter to the Preble County Court of Common Pleas, Juvenile Division, informing the court that appellants denied her visitation. Upon receiving this letter, the juvenile court appointed Karen Clark ("Clark") as Ashley's guardian ad litem and set a visitation hearing for May 7, 1996. The juvenile court further required all the parties to be notified and present. Kingsley claims that appellants were notified via ordinary U.S. mail, however, appellants claim they never received the notification. Appellants claim that they were notified for the first time when Clark called appellants on the day of the hearing to make sure appellants were going to attend.
On May 7, 1996, a visitation hearing was held and all relevant parties were present. On May 14, 1996, the magistrate ordered unsupervised visits between Kingsley and Ashley. On May 25, 1996, Kingsley was charged in Eaton Municipal Court with child endangering pursuant to R.C. 2919.22.[3] As a result, unsupervised visits were terminated and Clark was ordered to supervise the visits. On May 24, 1996, appellants objected to the magistrate's decision. On June 3, 1996, the juvenile court denied appellants' objection. On June 5, 1996, appellants filed a motion to dismiss for lack of jurisdiction. On September 17, 1996, appellants' motion was denied.
On November 27, 1996, Clark filed a motion with the juvenile court requesting that visitation take place in her office. By an entry dated December 2, 1996, the juvenile court granted Clark's request. In April 1997, Clark supervised two visits at a park located across the street from her office. On one of these occasions, Clark left Kingsley and Ashley alone for a few minutes for the purpose of observing their interaction without Clark's presence.
On May 12, 1997, appellants filed a motion to remove Clark as the guardian ad litem. On August 28, 1997, the magistrate denied the motion. On September 10, 1997, appellants filed a motion with the juvenile court to compel the magistrate to make findings of fact and conclusions of law. By an entry dated December 1, 1997, the juvenile court denied appellants' motion for findings and stated that "Clark [has] full discretion to make decisions that would be in the best interest of the child, Ashley Dull." By an entry dated December 8, 1997, the juvenile court clarified its previous entry by stating that it has confidence in Clark and the juvenile court's entry dated December 1, 1997 did not delegate the court's ultimate authority in deciding the "best interest" of Ashley.
A timely appeal was filed and appellants assert three assignments of error as follows:
Assignment of Error No. 1:
 THE PREBLE COUNTY JUVENILE COURT ERRED WHEN IT DENIED THE PATERNAL GRANDPARENTS [SIC] MOTION TO DISMISS FOR LACK OF THE NATURAL MOTHER HAVING PROPERLY INVOKED THE CONTINUING JURISDICTION OF THE COURT PURSUANT TO OHIO CIVIL RULE OF PROCEDURE 75(I).
Assignment of Error No. 2:
 THE PREBLE COUNTY JUVENILE COURT ERRED IN ITS DECEMBER 1, 1997 DECISION WHEN IT GAVE THE GUARDIAN AD LITEM, "FULL DISCRETION THAT WOULD BE IN THE BEST INTEREST OF THE CHILD, AHSLEY [SIC] DULL".
Assignment of Error No. 3:
 THE PREBLE COUNTY JUVENILE COURT ERRED WHEN IT DENIED THE PATERNAL GRANDPARENTS' MOTION TO HAVE THE GUARDIAN AD LITEM REMOVED.
In their first assignment of error, appellants argue that when the juvenile court treated Kingsley's letter as a motion for visitation, appellants were entitled to notice under Civ.R. 75(J).[4]
Since appellants were not properly notified, appellants argue that their due process rights were violated and that the juvenile court did not have jurisdiction to hear Kingsley's request for visitation. We disagree.
Civ.R. 75(A) states "[t]he Rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings, with the modification or exceptions set forth in this rule." Custody actions are "related proceedings," therefore, Civ.R. 75(J) is applicable to the present case. Waldmann v. Waldmann (1976), 48 Ohio St.2d 176; Sawyer v. Sinkey (Dec. 22, 1989), Lucas App. No. L-88-313, unreported.
In order for a party to invoke the juvenile court's continuing jurisdiction over a matter under Civ.R. 75(J), the party shall file a motion concerning the original matter and shall notify the defending party in accordance with Civ.R. 4 through 4.6. If the notice requirement is not satisfied, then the juvenile court does not have jurisdiction over the matter. Hansen v. Hansen (1985),21 Ohio App.3d 216, paragraph one of the syllabus. However, the notice requirement is waived if the defending party fails to object to the court invoking its jurisdiction, or the defending party appears and defends the motion on its merits. Chauncey v. Chauncey (Sept. 29, 1994), Cuyahoga App. No. 66197, unreported, citing Carson v. Carson (1989), 62 Ohio App.3d 670.
In the present case, the juvenile court treated Kingsley's handwritten letter as a motion relating to the original case, thereby invoking the juvenile court's continuing jurisdiction.[5]
On April 30, 1996, the juvenile court then issued an entry stating: "it is hereby ordered that Karen Clark be appointed as guardian ad litem for said child [Ashley] and that this matter be set for hearing on the 7th day of May, 1996 * * *. It is further ordered that all parties be present for said hearing." In addition, the juvenile court sent the entry to Kingsley, Clark, and appellants.
The record does not provide any proof that appellants were notified as required under Civ.R. 4 through 4.6. However, appellants admit that they were notified on the day of the hearing and did appear before the juvenile court on May 7, 1996. There is no transcript provided to this court of the May 7, 1996 proceeding nor any evidence indicating that appellants made objections to the juvenile court's jurisdiction at that time.
On May 14, 1996, the magistrate entered his decision reinforcing the May 25, 1994 complaint granting Kingsley visitation. On May 24, 1996, appellants filed objections to the magistrate's order, thereby defending the motion for visitation on its merits. Appellants were represented and had opportunity to present evidence to the court as to why Kingsley should not be given visitation. At that time, appellants made no objection to the court's jurisdiction.
On June 3, 1996, the juvenile court judge affirmed the magistrate's May 14, 1996 decision. On June 5, 1996, appellants then objected for the first time, claiming that the juvenile court lacked jurisdiction to hear Kingsley's motion.
We find that it is possible that appellants were not properly served as required under Civ.R. 4 through 4.6. However, appellants waived the notice requirement when they appeared at the hearing, failed to make objections, and then later objected to the magisarate's decision. We find that appellants defended against Kingsley's motion on its merits when they filed objections to the magistrate's decision, thereby waiving their objection. Since there was already a court order entitling Kingsley to visitation, and appellants had an opportunity to present evidence before and after the magistrate's order, we find that appellants did not suffer any prejudice as a result of any defective service. Therefore, appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that the juvenile court abused its discretion when it sua sponte gave Clark "full discretion to make decisions that will be in the best interests of the child." Appellants argue that the juvenile court delegated its authority over Ashley to Clark. We disagree.
Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217 (implying that "abuse of discretion" has the same meaning when applied in a domestic relations context).
When the juvenile court stated in its December 1, 1997 entry that Clark has the discretion to make decisions as to the best interest of Ashley, the juvenile court intended for Clark to have discretion over small issues that relate to visitation, such as where the visitation will be held. Appellants strictly read the December 1, 1997 entry as a full delegation of authority by the juvenile court.
However, in an entry dated December 8, 1997, the juvenile court attempted to inform appellants that its order should be read liberally and within reason. The juvenile court clarified its entry by stating "the entry does not delegate the Court's ultimate authority in deciding the `best interest' of the child. The Court has the authority as ultimate guardian to delegate it's [sic] power to the * * * Guardian ad Litem, * * *. The Court is merely deciding that Ms. Clark's authority extends beyond the narrow confines, counsel for custodian and custodian wish to impose." It is clear from this entry that the juvenile court attempted to avoid needless hearings and costs every time the parties disagreed over where the guardian ad litem wanted to hold the visitation.
Appellants are correct in their argument that the role of the guardian ad litem is to protect the interest of the child and that the ultimate decision concerning the best interest of the child remains with the judge. However, based upon the juvenile court's December 8, 1997 entry, we do not find that the juvenile court delegated its duty of ultimate decision-making to Clark. We find that the juvenile court was merely reminding the parties of the authority that is granted to the guardian ad litem under the Rules of Juvenile Procedure. We further find that the juvenile court's grant of discretion to Clark was an attempt to prevent the parties from litigating every minor dispute concerning visitation. Therefore, we find that the juvenile court did not abuse its discretion when it gave Clark "full discretion to make decisions that would be in the best interests" of Ashley. Appellants' second assignment of error is overruled.
In their third assignment of error, appellants argue that Clark breached her duties as a guardian ad litem and the juvenile court abused its authority when it did not remove Clark as Ashley's guardian ad litem. We disagree.
R.C. 2151.281(D) states that "[t]he court shall require the guardian ad litem to faithfully discharge the guardian ad litem's duties and upon the guardian ad litem's failure to faithfully discharge the guardian ad litem's duties, shall discharge the guardian ad litem and appoint another guardian ad litem." We hold that it is within the juvenile court's discretion to determine whether the guardian ad litem is faithfully carrying out her duties. See In The Matter of: Demi Shay Dodson (Mar. 4, 1996) Shelby App. No. 17-95-19, unreported, at 10-11 (determining whether the guardian ad litem performed his duties, the court applied an abuse of discretion standard). As stated previously, abuse of discretion connotes that the court's decision was arbitrary, unreasonable, and unconscionable. Blakemore, 5 Ohio St.3d at 217.
Appellants continue to argue that Clark violated the juvenile court's visitation order when she moved the visitation to the park and left Ashley and Kingsley alone for a few minutes. Appellants want this court to literally read the juvenile court's order for visitation so it can find that Clark violated her duties as guardian ad litem.
We have already decided that the juvenile court's decision to grant Clark broad authority was not an abuse of discretion. In addition, the juvenile court said in its August 28, 1997 decision that appellants have failed to show that Clark did not faithfully execute her duties. However, appellants argue that the juvenile court erred in its decision to not remove Clark as guardian ad litem.
The juvenile court stated that it has had the opportunity to observe Clark "in her role as lawyer, teacher, mother, and citizen. She is qualified to act as Guardian ad Litem and [to] carefully monitor the `best interest' of the child." The juvenile court further noted that its visitation order was not to be construed strictly. It was meant to serve the best interest of Ashley; therefore the juvenile court granted Clark authority "beyond the narrow confines" that appellants wish to impose.
The juvenile court carefully considered Clark's qualifications and reputation for serving the best interest of Ashley. In a May 29, 1997 hearing, Clark testified that she moved the visitation to the park because it was a more natural setting to facilitate a better visitation. Further, Clark stated that she would not permit unsupervised visitation without authorization from the juvenile court.
Based upon the foregoing, we do not find that the juvenile court's decision that appellants failed to demonstrate that Clark did not faithfully execute her duties as a guardian ad litem was an abuse of discretion. Therefore, appellants' third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The natural father of Ashley is the son of appellants, who is deceased and never married Kingsley.
[2] Kingsley signed an affidavit consenting to the change in custody of Ashley to appellants.
[3] The record is unclear concerning the facts of the charge, but Kingsley pled guilty to disorderly conduct.
[4] Appellants continuously refer to Civ.R. 75(I) as the proper rule for "continuing jurisdiction," however, we note that the rule was amended in July 1, 1998 and the proper rule is now Civ.R. 75(J).
[5] Appellants do not object to the juvenile court's treatment of Kingsley's letter as a motion.