[Cite as *Maddox v. Greene Cty. Bd. of Commrs.*, 2014-Ohio-1541.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE   COUNTY**

| | | |
|---|---|---|
| ALICE MADDOX | : | |
| | : | Appellate Case No. 2013-CA-71 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CV-444 |
| v. | : | |
| | : | |
| BOARD OF COMMISSIONERS OF | : | (Civil Appeal from |
| GREENE COUNTY, OHIO | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of April, 2014.

. . . . . . . . . . .

JOHN R. FOLKERTH, JR., Atty. Reg. #0016366, and PAUL M. COURTNEY, Atty. Reg. #0020085, Weprin Folkerth & Routh LLC, 109 North Main Street, 500 Performance Place, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

LAWRENCE E. BARBIERE, Atty. Reg. #0027106, Schroeder, Maundrell, Barbiere & Powers, 5300 Socialville Foster Road, Suite 200, Mason, Ohio 45040
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    The Greene County Board of Commissioners ("Board") appeals from the trial court's denial of its motion for a protective order to prohibit deposition questioning of former

commissioner Marilyn Reid. In its sole assignment of error, the Board challenges the trial court's denial of a protective order.

{¶ 2}　　The record reflects that plaintiff-appellee Alice Maddox sued the Board in June 2013, alleging assorted violations of R.C. 121.22, Ohio's open-meeting act or "sunshine law," between October 2010 and December 2012, and continuing up to the filing of the complaint.[1] (Doc. #1). In its answer, the Board asserted, as an affirmative defense, "that at all times pertinent it acted * * * upon advice of counsel[.]" (Doc. #13 at 15). Thereafter, Maddox deposed Reid, who had served as a commissioner on the Board during the relevant time period. At one point during the August 5, 2013 deposition, she was asked whether she was aware during her second term as a commissioner that R.C. 121.22 required a record to be kept of public meetings.[2] (Doc. #28, Reid depo. at 28). Reid responded that she had not become aware of the need to keep meeting records "until just recently." (Reid depo. at 28). When asked how she became aware of the requirement, Reid responded that county administrator Howard Poston "told us." (*Id.*). Reid recalled that an attorney, Elizabeth Ellis, had been in the room at the time. (*Id.* at 28-29). At that point, counsel for the Board objected on the basis of attorney-client privilege. (*Id.*). Maddox's counsel responded that assertion of the advice-of-counsel affirmative defense waived the privilege. (*Id.* at 29). Reid then stated that the incident had occurred sometime before September 2012. She added that the advice about keeping meeting records actually may have been provided

---

[1] According to Maddox's 139-paragraph complaint, the earliest alleged violation occurred on October 12, 2010. (Doc. #1 at ¶64). The latest alleged violation occurred in December 2012 and continued up to the filing of the complaint in June 2013. (*Id.* at ¶ 131-132, 139).

[2] This question appears to be related to allegations in Maddox's complaint that the Board held dozens of improper, private "work-session" meetings between October 2010 and November 2012, and continuing up until the filing of the lawsuit in June 2013, where minutes were not kept. (Doc. #1 at ¶ 63-126).

by Ellis, a county prosecutor, rather than Poston. Reid was unsure who told her and admitted that she really "didn't know." (*Id*. at 30). In any event, Reid was instructed not to answer questions about what she had been told. (*Id*. at 41). At the conclusion of the deposition, counsel for the Board summarized his objection to Reid answering. He explained:

> * * * The question that was asked related to advice that was given by the prosecutor to Ms. Reid in her capacity as a commissioner shortly before September 2012 when minutes began being kept for these work sessions[.] Ms. Reid was permitted to answer that she never discussed the issues with an attorney prior to that meeting with Ms. Reid and prior to June 1 of 2012. So she was permitted to answer that question but we are taking the position that the advice that was given prior to the September of 2012 meeting when minutes began being kept, that is still protected by the attorney-client privilege, that has not been waived, so we're not going to permit her to answer the questions from that point.

(Reid depo. at 42).

{¶ 3} The Board placed the issue before the trial court through a motion for a protective order. (Doc. #29). The trial court overruled the motion, holding that assertion of an advice-of-counsel defense constituted an "express waiver" of the attorney-client privilege under R.C. 2317.02(A). The trial court then added: "* * * [T]he particular advi[c]e the witness avers to in her testimony appears to be statements by the County Administrator, not the Board's legal counsel. The fact that one's attorney is present when statements by third parties are made, does not implicate the attorney client privilege." (Doc. #31 at 1-2).

{¶ 4} On appeal, the Board raises several arguments. First, it contends the trial court erred in finding a waiver of the attorney-client privilege under R.C. 2317.02. Specifically, the

Board claims asserting advice of counsel as an affirmative defense does not constitute a waiver under the statute. Second, the Board argues against finding an implied waiver of the attorney-client privilege under common law. Third, the Board asserts that Reid's deposition testimony did not waive the privilege. Fourth, the Board maintains that the presence and participation of county administrator Poston during the allegedly privileged communications did not waive the privilege.

{¶ 5} "The burden of showing that evidence ought to be excluded under the attorney-client privilege rests upon the party asserting the privilege." (Citations omitted) *MA Equip. Leasing I, L.L.C. v. Tilton*, 2012-Ohio-4668 , 980 N.E.2d 1072, ¶ 21 (10th Dist.). "'In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law.'" *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, ¶7, quoting *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 18. On its face, R.C. 2317.02(A) involves a testimonial privilege and only precludes an attorney from testifying on matters covered by the attorney-client privilege. *Id.* at ¶ 21-22 (Lanzinger, J., concurring). In *Jackson*, however, the Ohio Supreme Court interpreted the statute more broadly, reasoning that it applies to any communication directly between an attorney and a client. *Id.* at ¶ 7. Where the statute applies, the *Jackson* court opined that common-law doctrines involving implied waiver of the privilege are inapplicable. ¶ 11-12. In such a case, the statute provides the only two means by which the privilege may be waived: (1) express consent of the client or (2) the client's voluntary testimony on the same subject. *Id.* at ¶ 12.

{¶ 6} The Board argues that the present case is governed by the statute and, therefore, that common-law implied waiver doctrines do not apply. Moreover, the Board argues that

asserting advice of counsel as an affirmative defense does not constitute express consent or voluntary testimony. The Board also argues that Reid's deposition testimony was not voluntary and, in any event, that a single commissioner cannot waive a privilege held by the Board as a whole.

{¶ 7} Upon review, we see no error in the trial court's ruling. As a threshold matter, we are unconvinced that the Board met its burden of establishing applicability of the attorney-client privilege in the first instance. During her deposition, Reid could not recall whether county administrator Poston or attorney Ellis told her about the need to keep a record of public meetings. Reid initially testified that Poston told her. She then said it may have been Ellis. Ultimately, she admitted that she did not know. (Reid depo. at 30). All that Reid's testimony establishes then is Ellis' presence "in the room." (*Id.* at 28-29). But the mere presence of counsel "in the room" is insufficient to invoke the attorney-client privilege. *See*, *e.g.*, *Fabbrini v. City of Dunsmuir*, E.D. Cal. No. CIV S-07-1099-GEB-CMK,  2008 WL 2523550, *7 (June 19, 2008) ("Defendants argue that all statements made by city council members in closed session 'with the City attorney' are protected. However, as defendants acknowledge elsewhere in their briefing, the privilege only extends to 'confidential disclosures made by a client to an attorney in order to obtain legal advice * * * as well as an attorney's advice in response to such disclosures.' * * * Thus, the city attorney's mere presence at the closed sessions alone is not enough."); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 444 (D.Kan.2009) ("There is a distinction between a conference with counsel and a conference at which counsel is present; the mere presence of counsel at a meeting does not make all communications during the meeting privileged.");*King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, E.D. Pa. Nos. 2:06–cv–1797, 2:08–cv–2141, 2013 WL 4836752, *3  (Sept. 11, 2013) ("At the same time, the mere presence of an attorney, or the

inclusion of an attorney as one of many recipients of a communication between corporate employees, will not transform a normal business communication into a communication subject to the attorney-client privilege."); *Rush v. Columbus Mun. School Dist.*, 5th Cir. No. 99-60910, 2000 WL 1598021, *2 (Sept. 28, 2000) ("Therefore, the attorney-client privilege protects all communications during a meeting between a school board and its attorney for the purpose of obtaining legal advice, even those communications not addressed directly to the attorney. That is not to say, however, that the mere presence of an attorney serves to insulate a meeting from discovery—the privilege protects only those communications made for the purpose of obtaining legal advice.").[3]

---

[3] Although we have looked to federal law for guidance, the Tenth District has recognized that "there is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege." *MA Equip. Leasing I* at ¶ 20.

{¶ 8}    The Board's argument that Poston's participation in the discussion with Reid did not "waive" the attorney-client privilege misses the mark. The Board cites *In re Heile*, 65 Ohio App. 45, 29 N.E.2d 175 (1st Dist. 1939), for the proposition that "[c]ommunications between an attorney and the agent of his client are also entitled to the same protection from disclosure as those passing directly between the attorney and his client." We do not disagree. The problem is not Poston's "participation" in the communication per se. Nor is the issue one of waiver. The problem is that Reid's testimony establishes nothing more than communication *between herself and Poston* with an attorney present in the room.[4] On these facts, the Board did not meet its burden of establishing applicability of the attorney-client privilege.

{¶ 9}    Even assuming, arguendo, that the attorney-client privilege were applicable, we would find no error in the trial court's denial of a protective order. We harbor no doubt that asserting advice of counsel as an affirmative defense waives the privilege with regard to such advice. Our research reveals that cases to this effect are legion. Indeed, "[a]ssertion of an advice of counsel defense is the 'quintessential example' of an implied waiver." (Citations omitted) *Shaub and Williams, L.L.P. v. Augme Technologies, Inc.*, S.D.N.Y. No. 13 Civ. 1101 (GBD)(JCF), 2014 WL 1033862, *3 (March 17, 2014); *see also Kremer v. Cox*, 114 Ohio App.3d 41, 58, 682 N.E.2d 1006, 1017 (9th Dist.1996) ("We recognize that the attorney-client privilege may indeed be waived when, as here, the client and attorney deliberately place the contents of such communications in issue by * * * raising advice of counsel as a defense."); *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1299 (Fed.Cir. 2006) ("Once a party announces that it will rely on advice of counsel * * * the attorney-client privilege is waived."); *LG.Philips*

---

[4]Because Reid herself cannot recall whether Poston or Ellis advised her of the need to keep a record of public meetings, the Board cannot meet its burden of establishing an attorney-client communication.

*LCD Co., Inc. v. Tatung Co.*, 243 F.R.D. 133, 136 (D.Del.2007) (recognizing that the "decision to assert the advice of counsel defense in response to a claim of willful infringement results in a waiver of the attorney-client privilege as to all communications regarding the same subject matter").

{¶ 10} Our conclusion does not change even if we accept the Board's argument that under *Jackson*, supra, common-law doctrines of implied waiver do not apply and R.C. 2317.02(A) supplies the only two means by which the attorney-client privilege may be waived. *But see Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608 (1st Dist.), ¶ 22 ("[The *Jackson* court expressly limited its holding to the case that was under consideration[.] * * * The abbreviated language used by the *Jackson* court left the decision whether the common-law implied-waiver doctrine applies to a particular set of facts to the sound discretion of the courts."). As set forth above, the statute provides for waiver by express consent of the client or the client's voluntary testimony on the same subject.

{¶ 11} Here the Board's answer to Maddox's complaint asserted that at all pertinent times it acted on the advice of counsel. This factual assertion by the Board was voluntary. Although this assertion in a pleading strictly speaking was not "testimony," it was a judicial admission. *Faxon Hills Const. Co. v. United Broth. of Carpenters and Joiners of America*, 168 Ohio St. 8, 10, 151 N.E.2d 12, 14 (1958) ("There should be no question that a distinct statement of fact which is material and competent and which is contained in a pleading constitutes a judicial admission."). If the "testimonial" attorney-client privilege conferred by R.C. 2317.02(A) extends beyond actual testimony of an attorney, as the *Jackson* court held (*see Jackson* at ¶ 7 fn.1), we see no reason why the "testimony" exception contained therein similarly may not be applied to a factual assertion that is analogous to testimony.

{¶ 12} As a practical matter, we see little difference between the present case and *Meyers Roman Friedberg & Lewis v. Malm*, 183 Ohio App.3d 195, 2009-Ohio-2577, 916 N.E.2d 832 (8th Dist.), upon which the trial court relied. There the client "affirmatively asserted, without being asked," that he had acted on the advice of counsel. *Id.* at ¶ 59. The client made the assertion at trial and in a deposition. The Eighth District found that the assertion constituted a waiver of the attorney-client privilege under R.C. 2317.02(A). *Id.* at ¶ 61. Similarly, the Board here voluntarily asserted that it had acted on the advice of counsel. The assertion was made in a pleading because the case was still in the discovery phase, but the impact is the same. A party "cannot manipulate the attorney-client privilege by unilaterally choosing to disclose information favorable to him, while concurrently seeking to bar the search for potentially unfavorable information." *Id* .

{¶ 13} We also find no merit in the Board's argument that its "affirmative defense in an Answer signed only by the attorney for the Board cannot waive an attorney-client privilege which belongs solely to the Board as a public body." (Appellant's brief at 3). The Board apparently believes that it cannot be bound by the content of its answer. We disagree. The Board does not practice law. Therefore, it is participating in the present lawsuit through its attorney. The answer is the Board's, not the attorney's. The introductory paragraph of the answer states: "Comes now the Defendant, Board of Commissioners of Greene County, Ohio, and for its Answer to the Plaintiff's Complaint, states as follows[.]" (Doc. #13 at 1). In our view, the Board cannot avoid waiver of the attorney-client privilege by disavowing itself of its own answer.

{¶ 14} Based on the reasoning set forth above, we hold (1) that the Board did not meet its burden of establishing applicability of the attorney-client privilege and (2) that waiver of the privilege would exist in any event based on the Board's assertion of an advice-of-counsel defense

in its answer.[5]

{¶ 15} In reaching these conclusions, we hold only that the Board cannot rely on attorney-client privilege to shield former commissioner Reid from answering questions related to the advice-of-counsel defense. During oral argument, counsel for the Board expressed concern that the trial court's denial of a protective order might be overly broad and could be interpreted to mean that no attorney-client privilege exists on any matter. But our holding does not extend that far. Assertion of the advice-of-counsel defense waives any attorney-client privilege with respect to the advice obtained. That does not mean all attorney-client privilege necessarily has been waived as to other issues. In its decision denying a protective order, the trial court noted: "Plaintiff has proffered questions to be asked of the witness in the continuation of this deposition. So that the remainder of the deposition, further discovery, and court hearings may proceed promptly, the court will schedule a pretrial conference with counsel by separate Order to follow." (Doc. #31 at 2). We are confident that the trial court, in its pretrial conference on remand, will review the proffered questions in light of our guidance herein and create a workable solution to the parties' discovery dispute.

{¶ 16} The Board's assignment of error is overruled, the judgment of the Greene County Common Pleas Court is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

---

[5]In light of these determinations, we need not address the Board's argument that Reid did not testify voluntarily in her deposition and that a single commissioner cannot waive a privilege held by the Board as a whole. Our finding of a waiver of the attorney-client privilege, if it existed, is based on the Board's assertion of an advice-of-counsel defense in its answer, not on Reid's deposition testimony.

Copies mailed to:

John R. Folkerth, Jr.
Paul M. Courtney
Lawrence E. Barbiere
Hon. John W. Kessler, Retired
(sitting for Judge Michael A. Buckwalter)