DECISION
On June 12, 1995, plaintiff-appellee, Richard Boone, was operating a tractor-trailer in Tampa, Florida. Another driver, Brett Verona, lost control of his vehicle and a third driver, Robert Allison, braked to avoid colliding with the Verona vehicle; unfortunately, Allison collided with the Verona vehicle and Boone collided with the Allison vehicle. Boone has incurred medical bills and lost wages in excess of $100,000.
Verona was insured by State Farm Insurance Company, who offered to settle Boone's claim for the full policy limits of $100,000. Boone sought underinsurance coverage from defendant-appellant, Vanliner Insurance Company, which had issued policies to Boone personally, as well as to his employer. Vanliner denied coverage. Boone filed a declaratory judgment action seeking a judgment that he was entitled to uninsured/underinsured coverage and that Vanliner was obligated to pay him for the uninsured coverage. Boone also filed a claim alleging that Vanliner denied coverage in bad faith. To support his bad-faith claim, Boone sought Vanliner's claims file in discovery. Vanliner filed a motion for a protective order and objected to the disclosure of the documents based upon relevancy, attorney-client privilege and work-product privilege. The trial court conducted an in camera inspection of the claims file and sustained the objection as to some documents, overruled the objection as to other documents and ordered them to be produced with some of the documents containing redactions. Vanliner has appealed, pursuant to R.C. 2505.02(B)(4), and raises the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING DEFENDANT-APPELLANT TO PRODUCE TO PLAINTIFF-APPELLEE DOCUMENTS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PRIVILEGE.
In its brief, Vanliner claimed that the documents are not discoverable based only upon the attorney-client privilege and the work product doctrine, but, during oral argument, Vanliner also argued that the documents were irrelevant to the bad-faith claim.
"`[T]he burden of showing that testimony [or documents] sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude [them].'" Peyko v. Frederick (1986), 25 Ohio St.3d 164,166, quoting Waldmann v. Waldmann (1976), 48 Ohio St.2d 176, 178. In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,660, certiorari denied, Figgie v. Moskovitz (1994), 513 U.S. 1059, the court stated that the attorney-client privilege is based on the premise that confidences shared in the attorney-client relationship are to remain confidential in order that a client may consult freely with an attorney. R.C. 2317.02(A) codifies this privilege as follows:
 The following persons shall not testify in certain respects:
 (A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421
of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject[.]
In the syllabus of State v. McDermott (1995), 72 Ohio St.3d 570, the Ohio Supreme Court held that "R.C. 2317.02(A) provides the exclusive means by which privileged communications directly between an attorney and a client can be waived."
Civ.R. 26(B)(3) provides that a party may obtain discovery of documents prepared in anticipation of litigation upon a showing of good cause. In Zoppo v. Homestead Ins. Co. (1994),71 Ohio St.3d 552, syllabus, the Ohio Supreme Court stated that "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Thus, appellee argues, access to appellant's claims file is necessary to support his claim of bad faith.
The trial court relied upon Peyko and Moskovitz to determine that the documents were discoverable. In Moskovitz, the Supreme Court excluded from discovery for purposes of R.C.1343.03, only those attorney-client communications that go directly to the theory of the defense. Peyko and Moskovitz,
however, both involved proceedings pursuant to R.C. 1343.03(C) for prejudgment interest, in which the attorney-client privilege and work-product doctrine no longer applied because the underlying case had been decided. Those cases are distinguishable because this case is still in progress. Thus, we must examine each document to determine whether it is privileged.
The documents have been numbered from 000000-001741 and are organized into three volumes. Vanliner contends that the trial court erred in ordering the production of the following documents: 581, 582, 597-601, 676, 677, 885-890, 892, 896, 899-900, 902-907, 1106, 1107, 1151, 1152 and 1153. Documents 597-601 were generated before the lawsuit was filed on June 12, 1997, and Vanliner has agreed that these documents are discoverable; however, Vanliner has requested that parts of these documents should be redacted because they contain references to communications with Vanliner's counsel while the trial court found that the documents should be produced without redactions. Documents 597, 598, 600 and 601 are simply duplicates of documents 858, 859, 861 and 862. The trial court redacted the requested portions of 858, 859, 861 and 862, but not of 597, 598, 600 and 601. Since these documents are duplicates, the trial court erred in not ordering similar redactions of 597, 598, 600 and 601.
Document 599 is a duplicate of 860, but the trial court did not order a redaction in either document. The requested redaction in document 599 merely states facts already in evidence and is not privileged.
The remainder of the documents (581,[1] 582, 676, 677, 885-890, 892, 896, 899, 900, 902-907, 1106, 1107, 1151-1153) were generated after the lawsuit was filed, and consist of handwritten notes or memos relating to Boone's lawsuit and are protected under the attorney-client privilege or the work-product doctrine.
As such, Vanliner must produce the following documents: 597, 598, 600 and 601 with requested redactions, and 599. The remainder of the documents are privileged and need not be produced. Vanliner's assignment of error is well-taken in part.
For the foregoing reasons, Vanliner's assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part and cause remanded.
KENNEDY and BRYANT, JJ., concur.
[1] Document 581 does not contain a date but counsel asserted in oral argument that it was generated after the lawsuit was filed. Regardless, it contains handwritten notes concerning the receipt of the lawsuit and issues involved in the lawsuit and it is privileged.