I concur in the judgment only. A basic tenet of Ohio jurisprudence is that courts should decide cases on the merits whenever possible.Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127,527 N.E.2d 284. In the instant case, appellant's arguments are essentially self-defeating. Thus, I would rule against appellant on the merits.
In my opinion, the majority's reliance on State v. Reynolds (1997),79 Ohio St.3d 157, 679 N.E.2d 1131, is misplaced. While the syllabus of a decision of the Supreme Court of Ohio states the law of the case, the syllabus "is not to be construed as being broader than the facts of that specific case warrant." See State v. McDermott (1995),72 Ohio St.3d 570, 574, 651 N.E.2d 985, 988. The syllabus in Reynolds
focussed on a criminal defendant's attempt to modify his or her sentence, but the court reached its holding by interpreting R.C.2953.21, the post-conviction relief statute. The statute provides that a criminal defendant may file a petition for post-conviction relief on the basis that "there was such a denial of the person's rights as to render the judgment void or voidable * * *." R.C.2953.21(A)(1). In the instant case, appellant argues that his sentence should be subject to future modification by the trial court, not that the trial court's judgment of either conviction or sentence is void or voidable.
Appellant argues that it is unfair that his sentence is not subject to modification by the trial court under R.C. 2971.04 and 2971.05 when other similarly situated individuals are eligible for such modification. Offenders sentenced under R.C. 2971.03(A)(3) are eligible to have control over their sentences transferred from the parole board to the trial court under the terms of R.C 2971.04 and2971.05. Appellant's argument that he is similarly situated to offenders sentenced under R.C. 2971.03(A)(3) is apparently based on the fact that he is serving an indefinite sentence and R.C.2971.03(A)(3) provides for an indefinite sentence. The fatal flaw in appellant's argument is that his sentence was for an indefinite term of ten to twenty-five years in prison, while R.C. 2971.03(A)(3) provides for a minimum sentence of at least two years in prison and a maximum sentence of life imprisonment. Thus, appellant is not similarly situated to offenders sentenced under R.C. 2971.03(A)(3). Indeed, placing appellant on par with those offenders would require an increase in the maximum range of his sentence from twenty-five years to life imprisonment. Ironically then, the relief appellant requests would actually violate the very constitutional principles that he invokes to support his argument.
Since I would overrule appellant's assignments of error on the merits, I concur in the judgment only.