Jackson, Appellee, *v.* Greger et al., Appellants.

[Cite as *Jackson v. Greger,* 110 Ohio St.3d 488, 2006-Ohio-4968.]

(No. 2005–0905—Submitted April 26, 2006—Decided October 11, 2006.)

Moyer, C.J.

{¶ 1} This case requires us to decide two questions: (1) whether the attorney-client privilege arising under R.C. 2317.02(A) may be waived by means other than

those provided in the statute, and (2) whether certain trial-preparation materials related to this case are discoverable under Civ.R. 26(B)(3).

{¶ 2} In June 1999, two officers from the city of Kettering Police Department arrived at the home of Maudy Jackson, appellee, in response to a 911 hang-up call. Upon the officers' arrival, an altercation ensued, and as a result, Jackson was charged with disorderly conduct, assault on a police officer, and resisting arrest. Jackson pleaded guilty to resisting arrest, and the other charges were dropped. Lawrence J. Greger, appellant, represented Jackson during her criminal case, and Jackson alleges that her guilty plea was due to Greger's advice. Jackson also maintains that Greger was aware of her interest in pursuing a civil lawsuit against the officers and the city of Kettering based on the circumstances of her arrest.

{¶ 3} In June 2001, Jackson sued the officers and the city in United States District Court, alleging civil rights violations under Section 1983, Title 42, U.S.Code. The court granted summary judgment for the officers and the city, finding that Jackson's guilty plea precluded her Section 1983 claims based on the doctrine of collateral estoppel. While Jackson's appeal to the Sixth Circuit Court of Appeals was pending, Jackson and the city settled.

{¶ 4} Jackson then brought the instant legal-malpractice action against Greger and his law firm based on Greger's allegedly negligent advice in the criminal case. During discovery, Greger sought all attorney-client communications and documentation related to the Section 1983 action. When Jackson did not produce the requested materials, the Montgomery County Court of Common Pleas granted Greger's motion to compel.

{¶ 5} On appeal, the Second District Court of Appeals applied the three-part test for implied waiver of the attorney-client privilege articulated in *Hearn v. Rhay* (E.D.Wash.1975), 68 F.R.D. 574. According to *Hearn*, a client impliedly waives the attorney-client privilege when "(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense." Id. at 581. The Second District reversed, concluding that the second and third prongs of the test had not been met and that Greger had not demonstrated good cause for obtaining discovery of trial-preparation materials under Civ.R. 26(B)(3).

{¶ 6} The matter is before this court upon the acceptance of a discretionary appeal.

{¶ 7} In his first proposition of law, Greger asserts that Jackson waived her attorney-client privilege with regard to the Section 1983 action. "In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that

are not addressed in R.C. 2317.02(A), by common law." *State ex rel. Leslie v. Ohio Hous. Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 18. We have stated that the statutory privilege governs communications directly between an attorney and a client. See *State v. McDermott* (1995), 72 Ohio St.3d 570, 573–574, 651 N.E.2d 985, distinguishing *State v. Post* (1987), 32 Ohio St.3d 380, 384–386, 513 N.E.2d 754 (involving communications between a client and the agent of an attorney, which are protected by the common-law attorney-client privilege). Because this case involves communications directly between an attorney and a client, R.C. 2317.02(A) applies.[1]

{¶ 8} R.C. 2317.02 provides:

{¶ 9} "The following persons shall not testify in certain respects:

{¶ 10} "(A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject."

{¶ 11} Both Jackson and Greger maintain that the statutory attorney-client privilege may be waived pursuant to the criteria set forth in *Hearn.* We addressed a similar question in *State v. McDermott.* In that case, the prosecution argued that McDermott had impliedly waived the attorney-client privilege by disclosing the substance of attorney-client communications to a third party. In rejecting the third-party-disclosure exception to the statutory attorney-client privilege, we held that "R.C. 2317.02(A) provides the exclusive means by which privileged communications directly between an attorney and a client can be waived." Id., 72 Ohio St.3d 570, 651 N.E.2d 985, syllabus.

{¶ 12} In the instant case, as in *McDermott,* "we decline to add a judicially created waiver to the statutorily created privilege." Id. at 574, 651 N.E.2d 985. R.C. 2317.02(A) clearly enumerates the means by which a client may waive the statutory attorney-client privilege: by express consent or by voluntarily testify-

---

1. R.C. 2317.02(A) provides a testimonial privilege—i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process. The purpose of discovery is to acquire information for trial. Because a litigant's ultimate goal in the discovery process is to elicit pertinent information that might be used as testimony at trial, the discovery of attorney-client communications necessarily jeopardizes the testimonial privilege. Such privileges would be of little import were they not applicable during the discovery process.

ing on the same subject. The facts of this case do not demonstrate that Jackson waived the privilege by either of those means.

{¶ 13} In reaching this holding, we are aware that several Ohio courts of appeals have applied the *Hearn* test.[2] We are nevertheless guided by the significant body of law from this court that has consistently rejected the adoption of judicially created waivers, exceptions, and limitations for testimonial privilege statutes. See *In re Wieland* (2000), 89 Ohio St.3d 535, 733 N.E.2d 1127 (concerning communications between physician and patient, communications between licensed psychologist and client, and communications between licensed counselor or licensed social worker and client). See, also, *McDermott*, 72 Ohio St.3d 570, 651 N.E.2d 985 (concerning communications between attorney and client); *In re Miller* (1992), 63 Ohio St.3d 99, 585 N.E.2d 396 (concerning communications between physician and patient); *State v. Smorgala* (1990), 50 Ohio St.3d 222, 553 N.E.2d 672 (same); *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 2 O.O.3d 373, 358 N.E.2d 521 (concerning communications between attorney and client); *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681 (concerning communications between physician and patient); *Swetland v. Miles* (1920), 101 Ohio St. 501, 130 N.E. 22 (concerning communications between attorney and client). The General Assembly has chosen to limit the means by which a client's conduct may effect waiver of the attorney-client privilege. It is not the role of this court to supplant the legislature by amending that choice.

{¶ 14} In his second proposition of law, Greger asserts that he is entitled to discovery of the file materials of Jackson's attorney in the Section 1983 case. In support, Greger maintains that the file materials are not protected work product. Civ.R. 26(B)(3) governs the discovery of work product. It provides:

{¶ 15} "Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor."

{¶ 16} We hold that a showing of good cause under Civ.R. 26(B)(3) requires demonstration of need for the materials—i.e., a showing that the materials, or the information they contain, are relevant and otherwise unavailable. The purpose of the work-product rule is "(1) to preserve the right of attorneys to prepare cases

---

2. See, e.g., *McMahon v. Shumaker, Loop & Kendrick, L.L.P.*, 162 Ohio App.3d 739, 2005-Ohio-4436, 834 N.E.2d 894; *First Union Natl. Bank of Delaware v. Maenle*, 162 Ohio App.3d 479, 2005-Ohio-4021, 833 N.E.2d 1279; *Ward v. Graydon, Head & Ritchey* (2001), 147 Ohio App.3d 325, 770 N.E.2d 613; *Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency, Inc.* (1992), 82 Ohio App.3d 322, 612 N.E.2d 442.

for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ.R. 26(A). To that end, Civ.R. 26(B)(3) places a burden on the party seeking discovery to demonstrate good cause for the sought-after materials.

{¶ 17} In this legal-malpractice action, Jackson is required to prove that Greger owed her a duty, that there was a breach of that duty, and that Greger's conduct resulted in damages. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus. Greger maintains that he is entitled to discovery of the file materials of Jackson's attorney in the Section 1983 case because those materials contain information relating to causation and damages. Greger also argues that the file materials are vital to his effort to demonstrate that the applicable statute of limitations had run. Because this information is available from other sources, Greger has not demonstrated good cause.

{¶ 18} Information relating to causation and damages is accessible through an attorney expert who could independently examine the facts and applicable law to determine whether Greger's conduct in the criminal case prejudiced Jackson in her Section 1983 action. Moreover, information concerning the statute of limitations is available elsewhere. "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus. As noted by the court of appeals, the statute of limitations may have been triggered before the United States District Court entered summary judgment in the Section 1983 action, if Jackson had learned the effect of her guilty plea prior to that time. Nevertheless, Jackson's attorney is not the only source of that information; Greger may ask Jackson when she first learned that Greger's representation of her might have been negligent.

{¶ 19} Because attorney-client communications and documentation related to the Section 1983 action are protected by R.C. 2317.02(A) and Civ.R. 26(B)(3), the order to compel issued by the trial court was in error.

{¶ 20} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

RESNICK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., concurs in part and dissents in part.

O'DONNELL, J., dissents.

---

**LANZINGER, J., concurring in judgment only.**

{¶ 21} I concur with the majority's holding to the extent that it affirms the judgment of the court of appeals that overturned the trial court's order compelling the production of privileged communications and attorney work product relating to Jackson's Section 1983 action. I would hold, however, that R.C. 2317.02(A), relating to testimonial privilege, does not apply and that Greger did not satisfy the test for implied waiver of the common-law attorney-client privilege.

{¶ 22} R.C. 2317.02(A) precludes *an attorney* from testifying on issues covered by the attorney-client privilege:

{¶ 23} "The following persons shall not testify in certain respects:

{¶ 24} "(A) An *attorney,* concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client * * *." (Emphasis added.)

{¶ 25} The statute's prohibition does not address the client. Nor does R.C. 2317.02(A) abrogate the common-law privilege. We recently noted in *State ex rel. Leslie v. Ohio Hous. Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, that "R.C. 2317.02(A), by its very terms, is a mere testimonial privilege precluding an attorney from testifying about confidential communications. The common-law attorney-client privilege, however, 'reaches far beyond a proscription against testimonial speech. The privilege protects against any dissemination of information obtained in the confidential relationship.' *Am. Motors [Corp. v. Huffstutler* (1991) ], 61 Ohio St.3d [343] at 348, 575 N.E.2d 116." Id. at ¶ 26.

{¶ 26} The majority declares that "[b]ecause this case involves communications directly between an attorney and a client, R.C. 2317.02(A) applies." The case cited for this proposition, *State v. McDermott* (1995), 72 Ohio St.3d 570, 574, 651 N.E.2d 985, however, squarely considered whether an attorney could be compelled to testify without a statutory waiver.

{¶ 27} This case is different. Greger did not seek to compel testimony of an attorney for trial or at deposition but sought the production of documents and answers to interrogatories from Jackson concerning her federal civil rights action. R.C. 2317.02(A) by its terms does not apply. Jackson's claim of privilege arises not from statute but from common law.

{¶ 28} The common-law attorney-client privilege protects from disclosure oral, written, or recorded communications between attorney and client unless the privilege is waived. See *Leslie*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 26. At common law, the attorney-client privilege could be waived either expressly or by conduct implying waiver. See 8 Wigmore, Evidence (McNaughton Rev.1961) 634, Section 2327.

{¶ 29} The test for waiver as established in *Hearn v. Rhay* (E.D.Wash.1975), 68 F.R.D. 574, 581, and applied by the Second District Court of Appeals in this case, states that the attorney-client privilege is deemed waived by the asserting party if (1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party, (2) through the affirmative act, the asserting party has placed the protected information at issue by making it relevant to the case, and (3) application of the privilege would deny the opposing party access to information vital to its defense.

{¶ 30} The parties here, although they disagreed over its application, assumed that the *Hearn* test was the appropriate method of determining whether an implied waiver had occurred. Fully half of Ohio's appellate districts have applied the reasoning of *Hearn*.[3] In none of these cases was an attorney being asked to testify about privileged communications; the cases involved disputes over discovery production. Most, as the Second District did here, found that the test was not satisfied.

{¶ 31} Without expressly repudiating the use of *Hearn* in Ohio, the majority does so implicitly by holding that R.C. 2317.02(A) provides the sole means of waiving the attorney-client privilege. As a consequence, the statute is expanded and common-law waiver is narrowed. A trial court is left with a void in its capability to compel production of documents during discovery disputes. I cannot conclude that nontestimonial matters are covered by the statute and

---

3. The Second, Third, Sixth, Eighth, Tenth, and Twelfth Appellate Districts have discussed implied waiver. See, e.g., *Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency, Inc.* (1992), 82 Ohio App.3d 322, 332, 612 N.E.2d 442 (attorney files concerning an insured's prior tort action were not available because two prongs of the *Hearn* test were not met); *Ward v. Graydon, Head & Ritchey* (2001), 147 Ohio App.3d 325, 770 N.E.2d 613 (client impliedly waived attorney-client privilege by placing protected information at issue when he filed malpractice suit and testimony was vital to law firm's defense); *McMahon v. Shumaker, Loop Kendrick, L.L.P,* 162 Ohio App.3d 739, 2005-Ohio-4436, 834 N.E.2d 894 (attorney-client privilege was not waived when the second and third parts of the *Hearn* test were not met); *H & D Steel Serv., Inc. v. Weston, Hurd, Fallon, Paisley & Howley* (July 23, 1998), Cuyahoga App. No. 72758, 1998 WL 413772 (third prong of test not satisfied); *Schottenstein, Zox & Dunn v. McKibben,* 10th Dist. No. 01AP–1384, 2002-Ohio-5075, 2002 WL 31122804 (insufficient evidence of second and third parts of *Hearn* test); *G. Rand Smith Co., L.P.A. v. Footbridge Capital, L.L.C.,* 3d Dist. No. 14–01–39, 2002-Ohio-2189, 2002 WL 987846 (third prong not met because there was no showing that information could not be obtained through any other source).

therefore would approve and apply the useful test of *Hearn v. Rhay,* 68 F.R.D. 574.

---

**PFEIFER, J.,** concurring in part and dissenting in part.

{¶ 32} I concur in judgment only as to the first proposition of law because I do not agree that the General Assembly has provided in R.C. 2317.02(A) the exclusive means by which an attorney-client privilege may be overcome. We should not diminish the role of the courts in establishing evidentiary standards. As for privileges, Evid.R. 501 provides:

{¶ 33} "The privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience."

{¶ 34} R.C. 2317.02(A) does not abrogate the common law. *Ward v. Graydon, Head & Ritchey* (2001), 147 Ohio App.3d 325, 331, 770 N.E.2d 613. Common-law concepts of waiver should still apply to the privileges, and this court should adopt the *Hearn* test for the determination of implied waiver in attorney-client privilege cases. See *Hearn v. Rhay* (E.D.Wash.1975), 68 F.R.D. 574, 581. I agree with the appellate court that the appellant failed to meet the *Hearn* test and that the appellee did not impliedly waive her attorney-client privilege.

{¶ 35} As for the second proposition of law, I think it is a close question as to whether Greger showed good cause to discover the file materials of Jackson's attorney. Since it is a close question, I would side with the trial court's determination that the files are discoverable.

---

Kevin O'Brien & Associates Co., L.P.A., Kevin O'Brien, and Carrie Doppes Wolfe, for appellee.

Reminger & Reminger Co., L.P.A., Brian D. Goldwasser, and Joseph W. Borchelt, for appellants.