DECISION.
{¶ 1} Plaintiff-appellant Suzanne F. Smith is the second wife of Charles Z. Smith, who died in January 2003. Suzanne Smith is also the executor of Charles Smith's estate. Before his death, Charles Smith executed an inter vivos trust agreement creating the Charles Z. Smith, III, Family Trust ("the Trust"). When Charles Smith died, the Trust received the bulk of his estate. The Trust corpus was divided into two separate trusts, a marital trust ("Trust A") and a family trust ("Trust B"). Under the terms of the Trust, Suzanne Smith was to receive the income from both trusts during her lifetime. Suzanne Smith became the successor trustee upon the death of Charles Smith.
 {¶ 2} On July 28, 2004, Suzanne Smith filed a complaint for judicial construction and reformation of the Trust, claiming that "logical and legal inconsistencies in the Trust" should be construed, in effect, to permit her to invade the principal of the Trust.
 {¶ 3} The Trust had been drafted by attorney Michael Honerlaw. The defendants-appellees, Charles Smith's children from his first marriage and residual beneficiaries, named Honerlaw as a trial witness. Suzanne Smith filed a motion in limine, pursuant to the attorney-client privilege contained in R.C. 2317.02(A), to exclude Honerlaw's testimony. Suzanne Smith, as surviving spouse of Charles Smith and as executor of his estate, refused to waive the attorney-client privilege on behalf of Charles Smith.
 {¶ 4} Following a hearing, a magistrate denied the motion in limine, holding that Suzanne Smith had waived the privilege by filing the lawsuit and placing "at issue the protected communication." In denying the motion, the magistrate applied the implied-waiver analysis found inHearn v. Rhay.[1] Suzanne Smith filed objections to the magistrate's decision. The trial court overruled the objections and certified its order as final and appealable.
 {¶ 5} The sole assignment of error alleges that the trial court erred in overruling Suzanne Smith's objections to the magistrate's decision denying the motion in limine.
 {¶ 6} R.C. 2317.02(A) states, "The following persons shall not testify in certain respects: An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject[.]"
 {¶ 7} Under the attorney-client privilege, a client has the right to refuse to disclose, and to prevent others from disclosing, confidential communications made between the client and his attorney in the course of seeking or giving legal advice.[2] The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice."[3] The attorney-client privilege belongs to the client, and it protects materials involving communications with the attorney.[4] The attorney-client privilege survives the death of the client.[5]
 {¶ 8} In State v. McDermott,[6] the Ohio Supreme Court specifically declined to add a judicially created waiver to the statutorily created privilege and held that R.C. 2317.02(A) "provides the exclusive means by which privileged communications directly between an attorney and a client can be waived." The Ohio Supreme Court reaffirmed theMcDermott holding and refused to apply the implied-waiver doctrine inJackson v. Greger[7]. The Jackson court specifically rejected theHearn test applied by the magistrate in this case.
 {¶ 9} Pursuant to Jackson and McDermott, the trial court erred in overruling Suzanne Smith's objections to the magistrate's decision that denied the motion in limine on the basis of the Hearn test. Our holding is limited solely to the magistrate's application of the implied-waiver doctrine pursuant to the Hearn test as the basis for denying the motion in limine.
 {¶ 10} We point out that the attorney-client privilege applies only to those communications intended to be confidential.[8] A communication that is not intended to be confidential is not privileged.[9] The reason for prohibiting disclosure ceases when the client does not intend that the communication remain confidential.[10] If it appears that the confidential nature of the communication no longer exists, the privilege no longer exists.[11]
 {¶ 11} The burden of showing that testimony sought to be excluded under the attorney-client privilege is covered by the privilege is on the party seeking to exclude the testimony.[12] Upon remand, Suzanne Smith will have the burden to show that any aspect of Honerlaw's testimony that she seeks to exclude is covered by the attorney-client privilege.[13]
 {¶ 12} The assignment of error is sustained solely for the reasons set forth in this decision. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and this decision.
[1] (E.D.Wash. 1975), 68 F.R.D. 574.
[2] Frank W. Schaefer, Inc. v. C. Garfield Mitchell Agency (1992),82 Ohio App.3d 322, 612 N.E.2d 442.
[3] Upjohn Co. v. U.S. (1981), 449 U.S. 383, 101 S.Ct. 677.
[4] See Schaefer, supra; Ward v. Graydon, Head Ritchey,147 Ohio App.3d 325, 2001-Ohio-8654, 770 N.E.2d 613.
[5] See Taylor v. Sheldon (1961), 172 Ohio St. 118,173 N.E.2d 892.
[6] 72 Ohio St.3d 570, 1995-Ohio-80, 651 N.E.2d 985.
[7] 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487.
[8] See State v. Post (1987), 32 Ohio St.3d 380, 513 N.E.2d 754.
[9] See id.; Cannell v. Rhodes (1986), 31 Ohio App.3d 183,509 N.E.2d 963.
[10] See Lutz v. Carter (Oct. 3, 1990), 2nd Dist. No. 2660.
[11] See Kler v. Mazzeo (Mar. 21, 1991), 8th Dist. Nos. 58310 and 58311.
[12] See Peyko v. Frederick (1986), 25 Ohio St.3d 164, 495 N.E.2d 918;In re Martin (1943), 141 Ohio St. 87, 47 N.E.2d 388; Wallace v.McElwain, 7th Dist. Nos. 04-JE-29 and 05-JE-43, 2006- Ohio-5226.
[13] See id.
Judgment reversed and cause remanded.
HLLDEBRANDT, P.J., and PAINTER, J.
JUDGE RUPERT A. DOAN was a member of the panel, but died before the release of this decision.