Lanzinger, J.,
concurring in judgment only.
{¶ 67} I concur in judgment only because I cannot agree with the distinction the majority makes between exceptions to and waivers of the attorney-client privilege in order to circumvent this court’s holding in Jackson v. Greger, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487. I did not agree in Jackson that R.C. 2317.02(A) abrogates the common-law privilege. Id. at ¶ 25 (Lanzinger, J., concurring in judgment only). Therefore, I have no problem with recognizing a common-law exception to the attorney-client privilege.
{¶ 68} However, in its attempt to distinguish waiver from exception, the majority uses overly broad language and declares that an exception “falls into the category of situations in which the privilege does not attach to the communications in the first instance and is therefore excluded from the operation of [R.C. 2317.02].” What the majority fails to recognize is that an exception, like a waiver, arises because of some action taken by the client. It is only when the client puts the attorney’s representation at issue that the privilege no longer applies. The majority, however, would retroactively apply that action and hold that the privilege never existed.
{¶ 69} Because I believe that common-law exceptions are really no different from common-law waivers, I concur in judgment only.