[Cite as *Harvey v. KP Properties, Inc.*, 2012-Ohio-276.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97097**

## JOSIAH HARVEY

PLAINTIFF-APPELLANT

vs.

## KP PROPERTIES, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-748266

**BEFORE:** Sweeney, P.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEY FOR APPELLANT**

Brian D. Spitz, Esq.
The Spitz Law Firm, LLC
4568 Mayfield Road, Suite 102
Cleveland, Ohio 44121

**ATTORNEY FOR APPELLEES**

John R. Christie, Esq.
Stefanik & Christie
2450 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114

JAMES J. SWEENEY, P.J.:

{¶ 1} Plaintiff-appellant Josiah Harvey ("Harvey") appeals the court's granting defendants-appellees KP Properties, Inc., et al.'s ("KP") motion to compel discovery and denying Harvey's motion for a protective order. After reviewing the facts of the case and pertinent law, we reverse and remand for an evidentiary hearing or an in camera inspection to determine whether the motion to compel grants discovery of privileged information.

{¶ 2} In March 2009, Harvey filed a workers' compensation claim after he was injured on the job during his employment as a maintenance worker with KP. In June 2009, KP fired Harvey. Harvey's workers' compensation claim was denied at the administrative level, and he appealed to the common pleas court in October 2009. In

November 2009, Harvey filed a complaint against KP alleging retaliation based on wrongful termination; this complaint was voluntarily dismissed without prejudice in April 2010. On June 22, 2010, Harvey and KP settled the workers' compensation case. As part of this settlement, Harvey agreed to dismiss the workers' compensation complaint against KP, and both parties agreed that "all claims for work-related injury and/or occupational disease(s) [which occurred on or before June 22, 2010] be forever relinquished or discharged."

{¶ 3} On February 9, 2011, Harvey refiled his retaliation claim against KP, alleging that "[t]here was a causal connection between Harvey's filing of the Workers' Compensation claim and his termination." KP opposed this refiled retaliation claim on the basis that "a settlement was reached relative to a companion worker's compensation case, with the understanding that this [retaliation] matter would not be refiled."

{¶ 4} On July 18, 2011, KP filed a motion to compel "complete responses" to various discovery requests; however, a copy of the discovery requests propounded upon Harvey was not made a part of the record. One day later, on July 19, 2011, KP issued a subpoena for the deposition of Alan Harris, who was Harvey's attorney in the workers' compensation case. On July 25, 2011, Harvey filed a motion in opposition to KP's motion to compel and a motion for a protective order, alleging, among other things, that the requested information violated the attorney-client and work-product privileges. Also on July 25, 2011, the court granted KP's motion to compel and denied Harvey's motion for a protective order. It is from this interlocutory order that Harvey appeals, raising

three assignments of error for our review. Assignments of error one and three will be addressed together.

{¶ 5} I. "The trial court committed reversible error when it ordered the production of privileged materials and testimony."

{¶ 6} III. "The trial court committed reversible error by not holding an evidentiary hearing or in camera inspection before ordering the production of provileged material and testimony."

{¶ 7} Although discovery orders are generally not appeable, if the dispute concerns disclosure of allegedly privileged material, the judgment is a final, appealable order pursuant to R.C. 2502.02(A)(3) and (B)(4). Furthermore, "whether the information sought is confidential and privileged from disclosure is a question of law that is reviewed de novo." *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶13.

{¶ 8} In the instant case, Harvey argues that the discovery requests at issue involve information protected by the attorney-client and/or work-product privileges.

{¶ 9} In *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, ¶7, fn. 1, the Ohio Supreme Court explained the attorney-client privilege:

> R.C. 2317.02(A) provides a testimonial privilege — i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process.

**{¶ 10}** In *Sutton v. Stevens Painton Corp.*, 193 Ohio App.3d 68, 2011-Ohio-841, 951 N.E.2d 91, ¶25-26 (8th Dist.), this court held that the

> work-product doctrine, which is set forth under Civ.R. 26(B)(3), provides a qualified privilege that protects an attorney's mental processes in the preparation of litigation. * * * [It] encompasses materials prepared in anticipation of litigation or for trial, and allows for the discovery of work product "only upon a showing of good cause therefor." Civ.R. 26(B)(3).

**{¶ 11}** This court has held that it is reversible error when a trial court fails to hold an evidentiary hearing or conduct an in camera review concerning discovery disputes alleging work-product privilege, because "the record is insufficiently developed to determine whether the documents requested in the subpoena violate the work-product doctrine." *Chiasson v. Doppco Dev., L.L.C.*, 8th Dist. No. 93112, 2009-Ohio-5013, 2009 WL 3043386, ¶13. *See also Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608 (1st Dist.), (applying this standard to materials allegedly protected by the attorney-client privilege).

**{¶ 12}** It is undisputed that the court in the case at hand did not hold an evidentiary hearing or conduct an in camera review of the requested material. Furthermore, neither KP's discovery requests nor Harvey's answers are part of the record. Accordingly, this matter must be remanded to the trial court for a determination of whether the motion to compel grants discovery of privileged information.

**{¶ 13}** Harvey also argues on appeal that, notwithstanding the aforementioned privileges, the discovery sought is inadmissible under the parol evidence rule. Concerning non-privileged matters, we review discovery orders under an abuse of

discretion standard.  *DeMeo v. Provident Bank*, 8th Dist. No. 89442, 2008-Ohio-2936, 2008 WL 2426559.

> The parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements.   "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 440, 662 N.E.2d 1074 (1996), quoting 3 Corbin, *Corbin on Contracts,* Section 573, 357 (1960).

{¶ 14} The parol evidence rule applies to the admissibility of evidence, which is not necessarily the same concept as the discoverability of evidence.   Pursuant to Civ.R. 26(B)(1),

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *.   It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

{¶ 15} Because this case is being remanded for an evidentiary hearing and the case is still in the discovery phase, we find it premature to entertain the parol evidence rule in this interlocutory appeal.   Harvey's third assignment of error is sustained and this case is remanded to the trial court for an evidentiary hearing or an in camera inspection. Harvey's first assignment of error is moot pursuant to App.R.12(A)(1)(c).

{¶ 16} In Harvey's second assignment of error, he argues as follows:

{¶ 17} II.   "The trial court committed reversible error when it failed to enforce Civ.R. 37(E) and Loc.R. 11(F)."

{¶ 18} Specifically, Harvey argues that KP failed to attach a statement to its motion to compel detailing the efforts it made to resolve the discovery disputes between the parties.

{¶ 19} Civ.R. 37(E) states,

Before filing a motion authorized by this rule, the party shall make a reasonable effort to resolve the matter through discussion with the attorney, unrepresented party, or person from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section.

{¶ 20} Similarly, Loc.R. 11(F) states that a motion to compel may not be considered by the court

unless   the party seeking discovery [advised] the Court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord.   The statement shall recite those matters which remain in dispute, and in addition, the date, time and place of such conference, and the names of all the participating parties.

{¶ 21} In the instant case, KP included the following in its motion to compel:

[T]here have been numerous telephone calls, face-to-face meetings, and letters indicating and requesting complete responses to the discovery. These conversations have taken place over approximately two months after Plaintiff responded to the discovery.   The specific areas of inquiry where objections exist relate to the terms and conditions of the settlement agreement entered into, the Plaintiff's understanding of the same, the fees relative to the same, and any discussions outside of this claim relevant to the same.

{¶ 22} This allegation of error does not concern whether the information sought to be discovered is privileged.   Furthermore, because we are remanding this case for further

proceedings, this discovery dispute is ongoing. Therefore, while the trial court may consider Civ.R. 37 and Loc.R. 11 on remand, we hold that appellate review of this issue is premature under the circumstances. Harvey's second assignment of error is overruled.

{¶ 23} Judgment reversed and case remanded for an evidentiary hearing or an in camera inspection.

It is, therefore, considered that said appellant recover of said appellees its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
MARY EILEEN KILBANE, J., CONCUR