[Cite as *Perrella v. Spitz*, 2013-Ohio-2702.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99226

## PETER PERRELLA, ET AL.

PLAINTIFFS-APPELLEES

vs.

## BRIAN SPITZ, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
MODIFIED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-768209

**BEFORE:**   Keough, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 27, 2013

**ATTORNEYS FOR APPELLANTS**

Andrew S. Haring
Brian D. Spitz
The Spitz Law Firm, L.L.C.
4568 Mayfield Road, Suite 102
South Euclid, Ohio 44121

**ATTORNEYS FOR APPELLEES**

Natalie F. Grubb
Daniel A. Kirschner
Kevin Shebesta
Grubb and Associates, L.P.A.
437 W. Lafayette Road
Suite 260-A
Medina, Ohio 44256

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendants-appellants, Brian Spitz and The Spitz Law Firm, L.L.C., (hereinafter "Spitz") appeal the trial court's decision that permitted Spitz's attorney, Jeff Embleton, to testify at the hearing on the motion to enforce settlement agreement filed by plaintiffs-appellees, Peter and Anna Perrella ("the Perrellas"). For the reasons that follow, we modify the trial court's decision and remand for further proceedings.

{¶2} In March 2012, the parties entered into a confidential settlement agreement resolving a legal malpractice complaint filed by the Perrellas against Spitz and a counterclaim for outstanding legal fees filed by Spitz against the Perrellas. In August 2012, the Perrellas filed an emergency motion to enforce settlement agreement, alleging that Spitz was attempting to execute on the consent judgment provided for in the settlement agreement when the Perrellas had made the scheduled payments as provided in the settlement agreement.

{¶3} Prior to the hearing on the Perrellas' motion, it was discussed whether Spitz's attorney, Jeff Embleton, would be allowed to testify regarding the settlement agreement. Specifically and pertinent to the appeal, the Perrellas sought testimony from Attorney Embleton regarding what he stated about the negotiated settlement amount to the court during an in camera pre-hearing conference in chambers. Spitz objected, arguing that the information sought was protected under attorney-client privilege or work-product privilege. The trial court issued its decision stating,

The parties presented the following questions during the hearing on

Plaintiff's Motion for an Emergency Hearing and Motion to Enforce Settlement:

1.) What was Attorney Jeff Embleton's understanding of the Settlement Agreement?
2.) What was conveyed to Attorney Jeff Embleton by Defendants regarding Defendant Brian Spitz's understanding of the Settlement Agreement?
3.) Did Attorney/Defendant Brian waive privilege during the Attorney Conference held in the Court's chambers on 08-07-12?

This Court rules as follows:
It is this Court's intention to permit Attorney Embleton to testify except to his conferencing related to bargaining position that was not conveyed[,] or limits [of] authority.

{¶4} Spitz appeals from this order contending that the trial court erred in ordering his attorney to testify about privileged communication with him and the attorney's mental work-product impressions because (1) the communications between attorney and client are privileged, (2) attorney's mental work-product impressions are privileged, and (3) the testimony is not admissible as parol evidence because the settlement agreement is unambiguous.

{¶5} The issue on appeal is limited to whether the trial court was correct in its decision allowing Attorney Embleton to testify regarding the enforceability of the settlement agreement. Accordingly, for purposes of this appeal, we assume without deciding that the trial court was correct in its finding that the settlement agreement was ambiguous and parol evidence would be considered.

{¶6} Generally, decisions involving discovery or the admissibility of evidence are reviewed under an abuse of discretion standard of review. *Estate of Johnson v. Randall Smith, Inc.*, Slip Opinion No. 2013-Ohio-1507, ¶ 22, citing *State v. Hancock*, 108 Ohio

St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032. But whether the information sought is confidential and privileged from disclosure is a question of law that is reviewed de novo. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992).

{¶7} "In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law." *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, ¶ 7, quoting *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶18. The statutory privilege is a testimonial privilege and governs communications directly between an attorney and a client. *Jackson* at ¶ 7, citing *State v. McDermott*, 72 Ohio St.3d 570, 573-574, 1995-Ohio-80, 651 N.E.2d 985.

{¶8} This privilege generally provides that an attorney shall not testify "concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client." *Leslie* at ¶ 18. This privilege can only be waived pursuant to the language of R.C. 2317.02(A) — (1) by the express consent of the client or (2) the client voluntarily testifies on the same subject. *See also McDermott* at 574.[1]

{¶9} Insofar as part of the appeal involves communications directly between Attorney Embleton and Spitz, R.C. 2317.02(A) applies to those communications.

---

[1] R.C. 2713.02(A) was amended, effective March 22, 2013, changing the second means of waiver that if the client "voluntarily reveals the substance of attorney-client communications in a nonprivileged context." For purposes of this appeal, we will follow the law as it was in effect when the trial court issued its ruling in 2012.

Nothing in the record reveals that Spitz consented to Attorney Embleton testifying, and Spitz has not testified to put the privileged communication within the realm of waiver, such that Attorney Embleton would have to testify to defend himself against such testimony. Therefore, any testimony by Attorney Embleton regarding Spitz's understanding of the settlement agreement or what Spitz conveyed to Attorney Embleton that was not made part of the settlement agreement or not conveyed to an opposing party or counsel is protected by attorney-client privilege.

{¶10} However, the statements Attorney Embleton made in front of the court in chambers are not privileged and are admissible, so long as they do not divulge any information protected above. Spitz admitted at the hearing that "what was said with everybody present in the room is not privileged, I'll agree with you on that." Accordingly, the statements Attorney Embleton made in front of the court in chambers are not privileged and are admissible.

{¶11} Appellant also contends that Attorney Embleton's mental impressions are protected work product; therefore, any testimony concerning what Attorney Embleton's opinions or understandings of the settlement agreement are, are inadmissible.

{¶12} "Attorney work product, including but not limited to mental impressions, theories, and legal conclusions, may be discovered upon a showing of good cause if it is directly at issue in the case, the need for information is compelling, and the evidence cannot be obtained elsewhere." *Squire, Sanders & Dempsey v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, paragraph two of the syllabus.

**{¶13}** In this case, the Perrellas sought to have Attorney Embleton testify regarding his mental impressions of the settlement agreement. Again, if Attorney Embleton revealed his mental impressions before the trial court in chambers, those impressions are admissible. Although Attorney Embleton was involved in the negotiation of the settlement agreement, his impressions are not at issue in this case; rather, in interpreting a settlement agreement, it is the intent of the parties that should be considered. *See generally Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638, 1992-Ohio-28, 597 N.E.2d 499. Moreover, considering Spitz is an attorney, Attorney Embleton's impressions about the conditions of the settlement agreement render this need less compelling.

**{¶14}** Accordingly, we modify the trial court's order to reflect that Attorney Embleton is permitted only to testify to or restate the statements that he personally made in front of the court and parties present during the conference held in chambers on August 7, 2012, including his personal understanding of the settlement agreement, if revealed. However, Attorney Embleton may not testify regarding any conversations he had with Spitz regarding Spitz's understanding of the settlement agreement or what Spitz conveyed to Attorney Embleton that was not made part of the settlement agreement or not conveyed to an opposing party or counsel. Attorney Embleton's mental impressions regarding the settlement agreement that were not discussed in chambers is protected under work product.

**{¶15}** Judgment modified and remanded for further proceedings.

It is ordered that the parties shall bear equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the court of common pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR